UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHATASIA C. BUCKNER,<br><br>      Plaintiff,<br><br>-against-<br><br>COMMONWEALTH OF PENNSYLVANIA;<br>ASHLEY BOROUGH POLICE<br>DEPARTMENT; LUZERNE COUNTY<br>FAMILY COURT; CITY OF NEW YORK,<br><br>      Defendants. | 24-CV-2008 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is a resident of Albany, New York, brings this *pro se* action alleging that Defendants violated her rights in Luzerne County, Pennsylvania. Named as Defendants are the Commonwealth of Pennsylvania, the Ashley Borough (Pennsylvania) Police Department, the Luzerne County Family Court, and, possibly, the City of New York.[1] For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Middle District of Pennsylvania.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff does not list the City of New York as a defendant in the caption of the complaint. She does, however, include the City of New York as a defendant in the caption of her application to proceed *in forma pauperis*.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights in connection with orders issued by the Luzerne County courts and enforced by the Ashley Borough (Pennsylvania) Police Department. Because Plaintiff does not allege that a substantial part of the events giving rise to her claims occurred in this District, this court is not a proper venue under Section 1391(b)(2). Defendants Commonwealth of Pennsylvania, Luzerne County Family Court, and Ashley Borough Police Department are located in Luzerne County, Pennsylvania. Venue therefore is also not proper in this District under Section 1391(b)(1). Even if Plaintiff intended to name the City of New York as a defendant, venue still would not be proper in this District under Section 1391(b)(1) because all defendants are not residents of the same state. It is therefore clear from the face of the complaint that venue is not proper in this District under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Luzerne County, Pennsylvania, which is in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Accordingly, venue lies in the Middle District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

## LITIGATION HISTORY AND WARNING

Plaintiff has previously filed two other actions in this court regarding events primarily occurring in Luzerne County, Pennsylvania, that the Court has transferred to the United States

District Court for the Middle District of Pennsylvania. *See Buckner v. City of New York*, ECF 1:23-CV-6645, 3 (LTS) (S.D.N.Y. Aug. 30, 2023) (transferring to the Middle District of Pennsylvania Plaintiff's claims arising from the alleged abduction of her children and a related Pennsylvania state court proceeding); *Buckner v. State of Pennsylvania*, ECF 1:23-CV-6649, 3 (LTS) (S.D.N.Y. Aug. 1, 2023) (transferring to the Middle District of Pennsylvania Plaintiff's claims arising from her Luzerne County child custody proceedings). In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that this court was an improper venue for her claims when she filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that continuing to file in this court actions in which this District is an improper venue may result in an order directing her to show cause why she should not be barred from filing new actions regarding events occurring in Pennsylvania without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

Plaintiff is warned that continuing to file in this court actions in which this District is an improper venue may result in an order directing her to show cause why she should not be barred from filing new actions regarding events occurring in Pennsylvania without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 8, 2024
    New York, New York

                /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                Chief United States District Judge